# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7683 | **DATE** | 7/16/2002 |
| **CASE TITLE** | Stevens vs. Navistar International | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's counsel's petition for relief from appointment is granted. Defendant is ordered to send Ms. Stevens a copy of the notice required for pro se litigants under Local Rule 56.2. Ms. Stevens' response to the pending motion for summary judgment will be due by 9/10/02; and any reply by 9/20/02. Ruling set for set for 7/12/02 is reset for 9/27/02 at 10:00 a.m. No extensions will be allowed. Pretrial conference set for 9/10/02 and trial set for 9/30/02 are vacated. New dates will be set after the court rules on the motion for summary judgment. The filing of the final pretrial order is also deferred pending the ruling. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 17 2002 | |
| | Notified counsel by telephone. | | date docketed | 41 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL 16 PM 2:59 | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
JUL 17 2002

JOY ANN STEVENS, )
 )
 Plaintiff, )
 )
 v. )
 ) No. 99 C 7683
NAVISTAR INTERNATIONAL )
TRANSPORTATION CORPORATION, )
 )
 Defendant. )

## MEMORANDUM OPINION AND ORDER

Before me are two motions: an unopposed motion for summary judgment, filed on November 15, 2001; and plaintiff's counsel's motion for relief from appointment, filed on July 3, 2002. Both raise serious concerns about the dereliction of plaintiff's counsel.

I.

Ms. Stevens filed her *pro se* complaint alleging a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, on November 26, 1999. She simultaneously moved for appointment of counsel, stating that she had tried to hire eleven lawyers, all of whom refused to take her case, and that she was unable to afford the services of an attorney. I granted the motion on January 31, 2000. Pursuant to the local rules, a member of the trial bar for this district, 'Lanre O. Amu, was appointed counsel for Ms. Stevens. I ordered discovery closed on January 31, 2001.

4|1

The parties attempted settlement, and the case was referred to Magistrate Judge Denlow, who reported on January 9, 2001, that the parties had failed to reach a settlement. Navistar sought an extension of discovery on January 16, 2001, which I granted, and discovery was extended until March 30, 2001. On the last day of discovery, Mr. Amu sought an extension, which I granted, extending discovery to July 30, 2001. I extended discovery a third time to allow Ms. Stevens to respond to discovery. Discovery finally closed on October 30, 2001.

On November 15, 2001, Navistar filed a motion for summary judgment, and I ordered Ms. Stevens to respond by December 27, 2001. On December 10, 2001, Mr. Amu filed a motion for a 90-day extension, which I granted, stating that no further extensions would be allowed. Nonetheless, on March 27, 2001, the date the response was due, Mr. Amu filed a second motion for a 90-day extension, which I granted, again stating that no further extensions would be allowed. The response to the motion for summary judgment was due on May 31, 2002, but none has been filed.

On May 16, 2002, Navistar filed a motion to quash twenty-four notices of deposition served by Ms. Stevens on May 13, 2002, six and a half months after the close of discovery. Mr. Amu filed an impertinent response, stating that he had not thought it necessary to file for an extension of discovery since he had filed for an extension of time to respond to the motion for summary judgment, but discovery was already closed at that point. His only defense

2

for his complete failure to conduct discovery was that he had been attending to other paying clients, and that the defendants should not be allowed to file a motion for summary judgment and then deny discovery. I granted the motion to quash; discovery was closed *before* the motion for summary judgment was filed, and Mr. Amu had not at any point prior to this sought relief from the appointment on the grounds that he could no longer afford to represent Ms. Stevens.[1]

Following this order, Mr. Amu sent a letter to his client, stating that he thought I was wrong to grant the motion to quash, and that he could not continue to represent her without pay. He also said he was unable to represent her because he was too troubled by the bias against indigent plaintiffs in the justice system. This is a reason to represent indigent plaintiffs rather than a reason not to. He attached this letter to his petition for relief from appointment, which he filed on July 3, 2002, less than two weeks before the ruling date on the motion for summary judgment. I reluctantly grant the relief he seeks. Mr. Amu's failure to comply with my scheduling orders (including generous extensions which took into account that fact that Mr. Amu was appointed counsel) and his total lack of zealous representation of

---

[1] Neither did he seek to alter the terms of appointment on the grounds that Ms. Stevens could afford to pay for his services, although it appears that her circumstances may have changed. According to an affidavit filed by Navistar, subsequent to the filing of this action and my appointment of counsel and pursuant to a separate arbitration, Navistar paid Ms. Stevens more than $80,000.

3

Ms. Stevens compel this result.

However, that leaves Navistar's eight-month-old motion for summary judgment, which is unanswered. If Ms. Stevens had chosen her counsel, I might have held her responsible for his failings, but where appointed counsel demonstrates a continued lack of diligence and consistently gives the case a "low priority" relative to paying clients, it is unfair to rule on an unopposed motion for summary judgment without giving the unrepresented party time to file her own opposition. *See Lewis v. Lane*, 816 F.2d 1165, 1170 (7th Cir. 1987); *Harris v. Fleming*, 993 F.2d 1549, 1993 WL 164794, at *4 (7th Cir. May 18, 1993).

As noted above, Navistar says that it has reinstated Ms. Stevens and paid her in excess of $80,000 as a result of arbitration in 2000, so it is doubtful that she is unable to afford an attorney. Furthermore, appointment of counsel is within my discretion. Through the separate union-mandated arbitration process, Ms. Stevens has received much, perhaps most, of the relief she initially sought in her complaint. Under the circumstances, I decline to appoint new counsel. However, Ms. Stevens will be given the opportunity to file counter-affidavits in opposition to the pending motion for summary judgment, with or without representation by an attorney. Within one week of receipt of this opinion, Navistar shall send a copy of the notice required for *pro se* litigants under Local Rule 56.2.

II.

Plaintiff's counsel's petition for relief from appointment is GRANTED. Navistar is ORDERED to send to Ms. Stevens a copy of the notice required for *pro se* litigants under Local Rule 56.2. Ms. Stevens' response to the pending summary judgment motion will be due on September 10, 2002; any reply by September 20, 2002; ruling is set for September 27, 2002, at 10:00 a.m.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: July 16, 2002