Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7683 | **DATE** | 10/22/2002 |
| **CASE TITLE** | Stevens vs. Navistar | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because there is no genuine issue of material fact as to whether plaintiff has a "disability" within the meaning of the Americans with Disabilities Act, Defendant's motion for summary judgment is hereby granted. Status hearing set for 11/14/02 is stricken. Any other pending dates are stricken. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 23 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CJ | 47 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TH ✓  courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOY ANN STEVENS, )
)
Plaintiff, )
) No. 99 C 7683
v. )
) Honorable Amy J. St. Eve
NAVISTAR INTERNATIONAL )
TRANSPORTATION CORPORATION, )
)
Defendant. )

DOCKETED OCT 2 3 2002

## MEMORANDUM OPINION AND ORDER

On November 26, 1999, Plaintiff Joy Ann Stevens filed this suit against Defendant Navistar International Transportation Corporation ("Navistar") claiming that Navistar violated the Americans with Disabilities Act of 1990 by failing to accommodate her repetitive motion disorder. After conducting discovery, Navistar filed a Motion for Summary Judgment. (R. 25-1.) For the reasons set forth below, Defendant's Motion is granted.

## BACKGROUND

### I. Factual Background

Navistar is a manufacturer of buses, truck and engines. (R. 25-3, Def.'s Rule 56.1 Statement of Material Facts in Supp. of its Mot. for Summ. J. ("56.1 Stmt.") ¶ 3.) Its facility in West Chicago, Illinois is a parts distribution center ("West Chicago PDC"), which receives and fills orders for various truck, bus or engine parts. (*Id.*) The West Chicago PDC has only two classifications of hourly employees – material handlers and maintenance workers. (*Id.* ¶ 4.) Plaintiff Joy Ann Stevens is employed at Navistar as a material handler. (*Id.* ¶ 16.) The duties of

47

a material handler include picking parts from the warehouse to fill orders, packing the orders for shipment, binning, replacing material returned by the dealer and "ordered in error/shipped in error." (*Id.* ¶¶ 6, 13.)

Material handlers at the West Chicago PDC work on the "packline," which involves picking parts from the warehouse to fill orders and then packing the orders for shipping. (*Id.* ¶ 6.) The process of picking requires an employee to drive a Taylor Dunn vehicle to a location, pick the parts, attach the picking tickets to the part, and put the parts in a large box. (*Id.* ¶ 7.) The material handlers fill orders according to a ticket which contains a list of the parts required for the order and the weight of each part. (*Id.* ¶ 11.) The packline contains approximately 40,000 different parts. (*Id.* ¶ 9.) Approximately 96.4% of these parts weigh less than 15 pounds, and only 35 parts weigh more than 40 pounds. (*Id.* ¶¶ 9, 10.)

### A. Stevens' Termination

In 1978, Navistar initially hired Stevens as a material handler. (R. 25-3, 56.1 Stmt. ¶ 16.) In the Spring of 1994, Stevens began having problems with her right hand and arm, and she was subsequently diagnosed with repetitive motion disorder. (*Id.* ¶¶ 18, 19.) As Stevens acknowledges, she has "always been one of the lower producers" as a material handler. (*Id.* ¶ 16.) Because of her repetitive motion disorder, Stevens collected disability and did not work during the majority of 1995 and 1996. (*Id.* ¶ 21.)

On November 6, 1996, however, Navistar ordered Stevens to return to work based on a conclusion by a physician (Dr. Tulipan) that Stevens could work under a weight restriction. (*Id.* ¶¶ 26, 27.) Stevens then returned to work, but refused to drive the Taylor Dunn based on her disorder. (*Id.* ¶ 28.) Navistar subsequently terminated Stevens for refusing to drive the Taylor

Dunn, an essential part of her position. (*Id.* ¶ 29.)

### B. The Arbitration

After her termination, Stevens filed a grievance with her Union and the dispute went to arbitration. (R. 25-3, 56.1 Stmt. ¶¶ 30, 31.) On October 30, 1997, the arbitrator determined that Navistar did not have just cause to terminate Stevens because it should not have relied on Dr. Tulipan's report concerning the extent and duration of Stevens' disorder. (*Id.* ¶ 31.) The arbitrator ordered Navistar to have Stevens evaluated by a "qualified specialist jointly selected" by Navistar and Stevens "to determine her ability to perform the major and essential tasks of the material handler classification." (*Id.* ¶ 32.) Stevens' physician and Navistar jointly selected Dr. Chang to examine Stevens in accordance with the arbitrator's order. (*Id.* ¶ 39.) In addition, an arbitrator ordered Navistar to pay Stevens disability for the period that she was terminated and to reimburse her for the COBRA payments she made during that period. (*Id.* ¶ 35.) Accordingly, Navistar paid Stevens $82,314.86. (*Id.* ¶ 36.)

### C. Stevens' Physical Limitations

On December 8, 1998, Dr. Chang examined Stevens. (R. 25-3, 56.1 Stmt. ¶ 39.) Dr. Chang thereafter released Stevens to work with a 40 pound lifting restriction. (*Id.* ¶ 42.) In February 1999, Stevens returned to work under this lifting restriction. (*Id.* ¶ 44.) Navistar has provided Stevens with numerous accommodations for her condition since her return. (*Id.* ¶¶ 45-59.)

## II. Procedural Background

On November 15, 2001, Defendant Navistar filed a Motion for Summary Judgment before the Honorable Elaine Bucklo. (R. 25-1.) Judge Bucklo ordered Plaintiff to respond to the

motion by December 27, 2001. (R. 29-1, Dec. 4, 2001 Order.) Judge Bucklo thereafter granted two extensions of time for Plaintiff to file her response to the pending motion. (R. 32-1, Dec. 20, 2001 Order; R. 35-1, Apr. 9, 2002 Order.) Plaintiff's appointed counsel, `Lanre O. Amu, subsequently moved to withdraw from the case and Judge Bucklo granted his motion. *Stevens v. Navistar Int'l Transp. Corp.*, 210 F.Supp.2d 1031 (N.D. Ill. 2002). In granting his motion, Judge Bucklo noted Mr. Amu's "failure to comply with [her] scheduling orders" and "his total lack of zealous representation of Ms. Stevens" *Id.* at 1032. The court gave Plaintiff until September 10, 2002 to respond to the pending summary judgment motion. *Id.* at 1033.

On August 30, 2002, the case was transferred to this Court by order of the Executive Committee. Plaintiff Stevens failed to file her response to the summary judgment motion on September 10, 2002. On September 25, 2002, even though Plaintiff failed to appear for a status hearing, the Court again extended Plaintiff's time to respond to the motion for summary judgment until October 7, 2002. (R. 46-1, Sept. 25, 2002 Order.) To date, Plaintiff has failed to file any response even though she has been provided ample time.

## ANALYSIS

### I. Legal Standards

#### A. Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court's

4

function is "not to weigh the evidence but merely to determine if 'there is a genuine issue for trial.'" *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). A genuine issue of material fact exists only if a "fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, 477 U.S. at 252.

In assessing whether a genuine issue of material fact exists in a case, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See id.* at 255. However, neither "the mere existence of some alleged factual dispute between the parties," *id.* at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), is sufficient to defeat a motion for summary judgment. *See also Skorup v. Modern Door Corp.* 153 F.3d 512, 514 (7th Cir. 1998).

### B. Local Rule 56.1

Local Rule 56.1 sets forth specific requirements for the party moving for summary judgment, as well as the non-moving party. It directs the moving party to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." LOCAL RULE 56.1(a)(3). The party opposing the summary judgment motion must respond to each of the purported undisputed facts with "a concise response to the movant's statement." LOCAL RULE 56.1(b)(3)(A).

In this case, Plaintiff Stevens has failed to respond to Defendant's Motion for Summary Judgment for more than eleven months. She has not filed a response to Navistar's 56.1

Statement. Although the Court reads a *pro se* plaintiff's pleadings liberally, "*pro se* status does not excuse a failure to comply" with these procedural requirements. *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, at * 4 (N.D. Ill. Aug. 23, 2002). Rule 56.1 provides: "All material facts set forth in the [56.1] statement . . . will be deemed admitted unless controverted by the statement of the opposing party." LOCAL RULE 56.1(b)(3)(B). Given that Plaintiff failed to respond to *any* of Navistar's undisputed facts, the Court will take as uncontested each of Navistar's statements of material facts that is supported by the record. "A district court need not scour the record to make the case of a party who does nothing." *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989).

## II. The American with Disabilities Act

The ADA prohibits discriminating against an individual with a disability:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). The ADA requires employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). In order to invoke protection under the ADA, Stevens must demonstrate that: (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job either with or without reasonable accommodation; and (3) she has suffered an adverse employment action because of her disability. *Dvorak v. Mostardi Platt Assoc., Inc.*, 289 F.3d

479, 483 (7th Cir. 2002); *Moore v. J.B. Hunt Transp., Inc.*, 221 F.3d 944, 950 (7th Cir. 2000).

Stevens cannot establish discrimination under the ADA because she does not suffer from a disability as defined in the statute. The ADA defines "disability" as follows:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;
>
> (B) a record of such impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). *See Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1454 (7th Cir. 1995). The Court must interpret these terms "strictly to create a demanding standard for qualifying as disabled." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, ___, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002).

It is clear that "[m]erely having an impairment does not make one disabled for purposes of the ADA." *Id.* at 690. Stevens also must show that the impairment substantially limits one of her major life activities. *Id.*; *see also* 42 U.S.C. § 12102(2)(A). "Substantially limited" means that "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long term." *Id.* at 691; *see also* 29 C.F.R. §§ 1630.2(j)(2)(ii)-(iii) (2001).

If Plaintiff's condition does not rise to the level of a disability, then she cannot recover under the ADA even if the Defendant terminated her on account of her condition. "The Act is not a general protection of medically afflicted persons . . . . If the employer discriminates against them on account of their being (or being believed by him to be) ill, even permanently ill, but not

7

disabled, there is no violation." *Christian v. St. Anthony Med. Ctr., Inc.*, 117 F.3d 1051, 1053 (7th Cir. 1997) (citation omitted). *See also Skorup v. Modern Door Corp.*, 153 F.3d 512, 514 (7th Cir. 1998).

Plaintiff alleges that she is substantially limited in the major life activity of working because she suffers from a repetitive motor disorder which has resulted in a 40 pound lifting restriction. Plaintiff further alleges in her complaint that Navistar has failed to reasonably accommodate her repetitive motor disorder. Plaintiff, however, has utterly failed to contradict Navistar's statement of material facts or to submit any evidence supporting the allegations in her complaint. In fact, it is uncontested that Plaintiff can perform her job as a material handler under the 40 pound lifting restriction imposed by Dr. Chang. (56.1 Stmt. ¶¶ 42-59.) Indeed, Plaintiff Stevens has been back at work as a material handler since February 1999 when Defendant rehired her. (*Id.* ¶ 44.) The 40 pound lifting restrictions imposed on Plaintiff by Dr. Chang have not precluded her from performing the duties of her position, including picking, packing and binning. (*Id.* ¶¶ 44-59.) Further, it is undisputed that more than 99.9% of the parts in Navistar's packline weigh less than 40 pounds and approximately 96.4% of the parts weigh less than 15 pounds. (*Id.* ¶¶ 9, 10.) Plaintiff is only precluded from lifting 35 of the 40,000 parts. (*Id.*) Even Plaintiff admitted "I actually pick and pack more lines in there sometimes than some of these employees that are 100 percent healthy." (*Id.* ¶59).

Plaintiff's lifting restrictions clearly do not qualify as a substantial limitation on working. *See Contreras v. Suncast Corp*, 237 F.3d 756, 763 (7th Cir. 2001) (forty-five pound lifting restrictions, inability to engage in strenuous work or drive a forklift for more than four hours per day fail to "constitute a significant restriction on one's capacity to work, as the term is

8

understood within the ADA.") (citations omitted). *See also Williams v. Channel Master Satellite Sys., Inc.* 101 F.3d 346, 349 (4th Cir. 1996) (holding as a matter of law that "twenty-five pound lifting limitation – particularly when compared to an average person's abilities – does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity"); *Aucutt v. Six Flags Over Mid-Am.*, 85 F.3d 1311, 1319 (8th Cir. 1996) (finding that plaintiff failed to show that he was substantially limited in major life activities where a "25-pound lifting restriction was the only medical limitation placed upon plaintiff's activities."). Stevens has offered no evidence to show that her disorder limits her ability to engage in her job. *See Contreras*, 237 F.3d at 763 n.5. Thus, as a matter of law, Stevens cannot show that she has a "disability." *Id.* Namely, Plaintiff's disorder does not substantially limit her major life activity of working. Without a disability, Stevens fails to establish the first element of an ADA claim. The Court need not look at the remaining factors given that Stevens cannot prove the existence of this essential element of her *prima facia* case of discrimination under the ADA. Accordingly, Defendant's Motion for Summary Judgment is granted.

## **CONCLUSION**

Navistar is entitled to judgment as a matter of law. There is no genuine issue of material fact that would allow a jury to find that Stevens has a "disability" within the meaning of the ADA. Defendant's Motion for Summary Judgment is hereby granted.

DATED: October 22, 2002                    ENTERED

*[signature]*
AMY J. ST. EVE
United States District Court Judge